# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| JOSEPH P. BOLDUC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-cv-4081 |
| JOHN DOWNEY, THOMAS KIM, JAMES P. SLEDGE, and KURT FRIEDENAUER, | ) |
| Defendants. | ) |

## O P I N I O N and O R D E R

Before the Court is the Motion to Dismiss filed by Defendants John Downey, Thomas Kim, and James P. Sledge (Doc. 6). The Motion is GRANTED.

### BACKGROUND

Plaintiff filed a Complaint in state court on October 6, 2009, pursuant to 42 U.S.C. § 1983, in connection with the termination of his employment as a teacher at the Kewanee Youth Center, which is a part of the State of Illinois' Department of Juvenile Justice. Plaintiff alleges that he had a property interest in his continued employment and that his employment was terminated, on May 22, 2009, without due process of law. Plaintiff also alleges that he was denied the right to have union representation during his discharge. Plaintiff finally alleges that he was retaliated against for questioning certain activities at the Youth Center including the giving of high school credit to children by teachers who were not certified to give such credit.

Plaintiff thus alleges that his First Amendment and Fourteenth Amendment rights were violated.

Defendant removed the action and now seeks dismissal arguing that Plaintiff has failed to state a claim that his Due Process rights were violated.

### DISCUSSION

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must view a complaint in a light most favorable to the plaintiff. *Williams v. Ramos*, 71 F.3d 1246, 1250 (7th Cir. 1995). The Court must accept all well-pleaded factual allegations and draw all reasonable inferences from those facts in favor of the plaintiff. *Richards v. Kiernan*, 461 F.3d 880, 882 (7th Cir. 2006). A plaintiff is not required to plead extensive facts, legal theories, or to anticipate defenses. *Massey v. Merrill Lynch and Co., Inc.*, 464 F.3d 642, 650 (7th Cir. 2006). However, a plaintiff must "provide the grounds of his entitlement to relief" that are "more than labels and conclusion [] [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007) (citations and editing marks omitted). In particular, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In order to make out due process claim, Plaintiff must allege that he has a constitutionally protected property interest in his employment with the Department of Juvenile Justice and that his job was terminated without due process of law.

2

*Kiddy-Brown v.* Blagojevich, 408 F.3d 346, 360 (7th Cir. 2005). In Illinois,[1] a person has a property interest in his employment "where he has a legitimate expectation of continued employment based on a legitimate claim of entitlement." Covell *v. Menkis*, 595 F.3d 673, 675-676 (7th Cir. 2010). Such an expectation can be established if Plaintiff can point to "a specific ordinance, state law, contract or understanding limiting the ability of [the department] to discharge him." *Krecek v. Board of Police Com'rs of La Grange Park*, 646 N.E.2d 1314, 1318-1319 (Ill. App. Ct. 1995); *Moss v. Martin*, 473 F.3d 694, 700 (7th Cir. 2007). Plaintiff argues that an "Individual Development and Performance System Evaluation Form" (hereinafter "Form") and "Administrative Directive 03.03.110" (hereinafter "Directive") each establish an expectation of continued employment.

The Form is a five page document which states that the purpose of the form is to "let employees know how they are doing, to motivate them, to improve their performance, and to justify administrative personnel decisions." (Resp. to Mtn. to Dismiss, Ex. 1, p. 1). The document appears to have been completed by Plaintiff's supervisor and contains an evaluation of Plaintiff's job performance from March to May, 2009. The form lists various objectives and performance criteria and contains marks indicating whether the objectives have been met and whether Plaintiff meets expectations within the performance categories (like job knowledge, planning, and leadership). (*Id.* at p. 2). The Form also contains written comments by Plaintiff's supervisor and a four page response by Plaintiff (who did not agree with the

---

[1] The Constitution does not create property interests; rather, such interests are created by independent sources such as state law. *Akande v. Grounds*, 555 F.3d 586, 590 (7th Cir. 2009).

evaluation) (*Id.* at pp. 3-4, 6-9). The Directive is a five page document whose purpose is to "ensure that each employee's job performance is evaluated at least annually." (Resp. to Mtn. to Dismiss, Ex. 2, p. 1). The document outlines when evaluations should be done, what should be discussed, how the evaluations should be submitted and filed, and the procedures for recommending compensation increases. (*Id.*)² Neither of the documents contain any express language that Plaintiff's employment may only be terminated for cause.

Plaintiff has not pointed to any law, ordinance, or express employment agreement that would give him a property interest in his job. Rather, Plaintiff argues that the above documents are policy statements that allow for dismissal only with cause and that provide for some type of process. Specifically, Plaintiff argues that the policies "established a legitimate expectation that the Department (ie, [sic], his Supervisor – defendant Downey) would provide some objective counseling and evaluation **prior to and** to justify 'administrative personnel decisions.'" (Resp. to Mtn. to Dismiss p. 7 (emphasis in original)).

Policy statements may create a contractual property interest in employment "'if the traditional requirements of contract formation are present.'" *Border v. City of Crystal Lake*, 75 F.2d 270, 273 (7th Cir. 1996) (quoting *Duldulao v. Saint Mary of Nazareth Hosp. Ctr.*, 505 N.E.2d 314, 318 (Ill. 1987)). These requirements are:

> First, the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer

---

² Each of these documents was referred to, made a part of, and attached to the Complaint filed in state court (although they were not filed with the Complaint upon removal). Therefore, it is unnecessary to covert the Motion to Dismiss into one for summary judgment.

> has been made. Second, the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer. Third, the employee must accept the offer by commencing or continuing to work after learning of the policy statement.

*Id.* As in *Border*, the policy at issue is usually an employee handbook and not the type of Form and Directive at issue in this case. *Id.*; *See Moss*, 473 F.3d at 700. Just as in *Border*, however, neither the Form nor the Directive contains any clear promise that Plaintiff may be dismissed only for cause. *Id.* 75 F.3d at 274. Moreover, to the extent that the documents provide some "procedural guarantees" – such as counseling or evaluations – does not convert his at-will employment to a position that can only be terminated for cause. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009) (stating that "[p]rocedural guarantees, whether relied on or not, do not establish a property interest protected under the Fourteenth Amendment's Due Process Clause"); *Moss* 473 F.3d at 701. At most, the Form and the Directive contain a procedure for evaluating Plaintiff's job performance; they do not, however, provide a clear promise of continued employment nor do they convert his at-will job into a position that can only eliminated for cause. Therefore, Plaintiff has failed to state a claim that his Due Process rights were violated. Plaintiff's remaining argument, that he was not afforded an appropriate amount of process, is moot.

Plaintiff also alleges that his Due Process rights were violated when he was denied the right to union representation as provided by the Supreme Court's decision in *National Labor Relations Board v. Weingarten, Inc.*, 420 U.S. 251 (1975).

In that case, the Court stated that is an unfair labor practice, in violation of the National Labor Relations Act, to deny an employee the right to union representation during an interview that could lead to disciplinary action. *Id.* at 260. Defendants argue that the National Labor Relations Act (NLRA) does not regulate the activities of a State or its political subdivisions. 29 U.S.C. § 152(2) (exempting from the term "employer" States and the their political subdivisions); *Davenport v. Washington Educ. Ass'n*, 551 U.S. 177, 181 (2007) ("The National Labor Relations Act leaves States free to regulate their labor relationships with their public employees."); *Lauth v. MCCollum*, 424 F.3d 631, 632 (7th Cir. 2005) (noting that the NLRA "does not apply to state or municipal employees"). Plaintiff does not address this argument and has pointed to no rule of law which provides that a State employee's due process rights are violated when he is not afforded union representation during an interview that could lead to disciplinary action.

Defendants have not sought dismissal of Plaintiff's First Amendment claim that he was fired in retaliation for complaints that he made to his supervisor.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Defendants John Downey, Thomas Kim, and James P. Sledge (Doc. 6) is GRANTED. Plaintiff's Due Process Claims are DISMISSED WITH PREJUDICE.

Entered this 7th day of July, 2010

s/Joe B. McDade
JOE BILLY MCDADE
United States Senior District Judge